

**SIGNED this 07th day of July, 2008.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas
San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| WILLIAM C. YOUNGBLOOD AND CAROLYN J. YOUNGBLOOD | 07-52706-LMC |
| *DEBTORS* | CHAPTER 7 |
| JOSEPH FULLER AND FULLER'S ALAMO SAFE & LOCK, INC. | |
| *PLAINTIFFS* | |
| V. | ADV. NO. 08-5007-LMC |
| WILLIAM C. YOUNGBLOOD AND CAROLYN J. YOUNGBLOOD | |
| *DEFENDANTS* | |

**DECISION ON PLAINTIFFS' AND DEFENDANTS' RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT**

CAME ON for consideration the foregoing matters. Both parties filed motions for summary judgment. Neither party filed responses that alleged anything other than legal arguments. For the reasons stated, the court grants the defendants' motion for summary judgment, and denies the

plaintiffs' motion for summary judgment.

The facts for the most part are not in dispute. William Youngblood filed for bankruptcy in 1989. In the course of that bankrutpcy, the Fuller plaintiffs filed an adversary proceeding, seeking a determination of nondischargeability, and a judgment on their underlying claim for $120,000. The matter went to trial. Ultimately, the court (this court, as it turns out), entered a judgment in favor of the plaintiffs and against Mr. Youngblood. The problem, however, is with the form of judgment, which was entered in 1990. The judgment awarded monetary relief of $41,710.00, but said not a word about whether the award was dischargeable. The judgment was never appealed and became final. No effort was ever made to correct the judgment.

Both Mr. and Mrs. Youngblood filed this chapter 7 bankruptcy case in 2007. The Fuller plaintiffs filed this complaint, alleging that their 1990 judgment cannot be discharged in this new case, and accordingly seek a finding of nondischargeability. The Youngbloods respond that, firstly, Mrs. Youngblood was never a party to the original judgment, so the judgment must be dischargeable as to her. Secondly, they point out that, because the 1990 judgment failed adjudge the indebtedness as nondischargeable, it in fact was discharged. Therefore, under principles of *res judicata*, the Fuller plaintiffs are barred from relitigating the issue of nondischargeability in this action. The Plaintiffs contend that, because the judgment was based on findings of fraud and/or embezzlement, it must perforce be nondischargeable, and it is the defendants who are estopped from relitigating that issue in this adversary proceeding. The Plaintiffs' motion for summary judgment, however, does not attach a transcript from the 1989 complaint that led to the judgment, or any findings of fact or conclusions of law that might have been entered. Plaintiffs point only to the original complaint, and to the joint pre-trial order.

**Discussion**

The debtors are entitled to summary judgment if they can establish that there are no genuine issues of material fact regarding at least one element of the plaintiff's case in chief *or* "that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. Int'l Marine Terminals P'ship,* --- F.3d ----, 2008 WL 599350 (5th Cir. Mar. 6, 2008); *see also Harbor Ins. Co. v. Trammel Crow Co., Inc.,* 854 F.2d 94, 98 (5th Cir. 1988); FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. If one of the parties is able to satisfy its burden, the other party must introduce summary judgment evidence demonstrating that there is at least a material issue of fact regarding that element which may be properly characterized as outcome-determinative. *Hancey v. Energas Co.,* 925 F.2d 96, 97 (5th Cir. 1990). Legal conclusions and general allegations, or denials of those allegations, do not satisfy these burdens. *See id.* (citing *Fentenot v. Upjohn Co.,* 780 F.2d 1190, 1195-96 (5th Cir. 1986)). In this case, the matter can be resolved as a matter of law based solely on the face of the 1990 judgment. There are no issues of fact to consider. Principles of collateral estoppel are inapplicable to this case. The matter is controlled by the principle of *res judicata*.

The test for *res judicata*, according to the Fifth Circuit, is as follows: (1) the parties are identical or are in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005) (citing *Petro-Hunt, L.L.C. v. United States,* 365 F.3d 385, 395 (5th Cir.2004)). If all four elements are met, then the doctrine would bar the dischargeability claim all together.

The Youngblood defendants assert that *res judicata* applies to this case. They are correct in that assertion. First of all, the parties are identical or are in privity (save for Mrs. Youngblood, but the action fails against her for a more basic reason: the judgment is only against Mr. Youngblood). Secondly, the judgment in the prior action was rendered by a court of competent jurisdiction – indeed the bankruptcy court is the logically correct place to bring a nondischargeability action. Third, the prior action was concluded by a final judgment on the merits, as is established by the copy of the judgment attached to both parties' moving papers. Finally, the same claim or cause of action was and is involved in both actions.

This fourth element merits a slightly fuller discussion. The question of dischargeability goes to whether a plaintiff has established that there are facts surrounding the underlying indebtedness that would render the debt nondischargeable under section 523 of the Bankruptcy Code. The debt has not changed: it was a pre-petition indebtedness as of the time of the 1989 bankruptcy, and is still the same ancient debt today. However, the action that was brought by the Fuller Plaintiffs in 1989 was not simply one for the indebtedness itself. It was also an action for declaratory relief – for that is, in essence, what a nondischargeability action comes down to. The Plaintiffs in 1989 asked the court for a declaratory judgment that the debt in question was nondischargeable under one or more sections of section 523. The Plaintiffs went to trial on that issue. The Plaintiffs say that they prevailed at trial (though the court has no summary judgment to support that contention, other than the judgment itself). Then the Plaintiffs presented to the court a form of judgment, which this court then signed and entered on the docket. The judgment grants monetary relief. The judgment does *not* grant any declaratory relief.

If a judgment is silent with regard to relief sought in the complaint, then that relief is not

deemed granted. It is deemed denied. *See Schmueser v. Burkburnett Bank*, 937 F.3d 1025, 1030 (5th Cir. 1991) ("all claims that are not disposed of in a judgment are considered to have been rejected by the trial court") *citing* 49 C.J.S. Judgment, § 436, p. 865. That same case also adverted to the rule on *res judicata*, that a final judgment rendered on the merits by a court of competent jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit. *Id.*, at 1031, *citing and quoting Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 642 (Tex. 1971). This action seeks a new determination of nondischargeability with regard to this ancient debt, when the previous judgment, by its silence, already denied that determination. Principles of *res judicata* now prevent the plaintiffs from relitigating that issue.

The general rule, to be sure, is that, once a given debt is determined *nondischargeable* in a given bankruptcy action, it is always nondischargeable for purposes of any future bankruptcy case. *See Moncur v. Agricredit Acceptance Co. (In re Moncur)*, 328 B.R. 183, 189 (9th Cir. B.A.P. 2005) ("It is axiomatic that §§ 523(b) and (c)(1) must be construed so as to be in harmony. The gravamen of § 523(b) is premised on the general rule [that] once a debt is nondischargeable under any theory not enumerated as an exception in § 523(b), it is always nondischargeable. . . . Section 523(c)(1) does not, however, necessarily mean that a separate determination must be made each time the debtor is the subject of a bankruptcy case in which discharge is permitted. Nothing in § 523(c)(1) purports to trump or vary the terms of the general issue and claim preclusion provisions of § 523(b)."); *see also Egleston v. Egleston (In re Egleston),* 448 F.3d 803, 815 (5th Cir. 2006) (noting that fees incurred after the debtor's first discharge that were to recover debts that were excepted from the debtor's first discharge will not be dischargeable in the debtor's second case). The sword cuts both ways, however. A determination that a given debt *is* dischargeable (even one made by

-5-

silence, as noted above) is also *res judicata* with regard to any attempt to obtain such a determination in a later bankruptcy involving the same parties (or the privies) and the same debt.

We never reach the question of collateral estoppel here, nor should we. The judgment that was tendered may well have been inconsistent with the relief the Plaintiffs thought they had earned at the conclusion of trial back in 1990. That judgment, however, is now very, very final. The time has long passed for the plaintiffs to seek reformation of that judgment – and no such effort was made prior to the commencement of this adversary proceeding in any event. *See* FED.R.CIV.P. 60(b); *see also First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 121 (5th Cir. 1992) (collecting cases). The Plaintiffs' remedy in such circumstances is an action against their lawyer – though even that relief might not be available in this case, given the passage of time. Going behind this judgment is no longer an option in this case.

Summary judgment is granted in favor of the Defendants. Summary judgment for Plaintiffs is denied. A form of judgment will be signed separately.

# # #